**SIGNED THIS: January 07, 2008**

_____
**MARY P. GORMAN
UNITED STATES BANKRUPTCY JUDGE**

_____

```
              UNITED STATES BANKRUPTCY COURT

                CENTRAL DISTRICT OF ILLINOIS

   In Re:                         )
                                  )     In Bankruptcy
   JANET BELL,                    )
                                  )     Case No. 04-75161
              Debtor.             )
```

# O P I N I O N

This matter comes before the Court upon the Debtor's Motion to Reconsider an Order entered December 5, 2007, denying the Chapter 13 Trustee's Motion to Amend Chapter 13 Plan.  The Trustee's Motion to Amend sought permission to pay a late-filed claim of the Internal Revenue Service ("IRS") which had not been provided for in the Debtor's confirmed Chapter 13 Plan.  For the reasons set forth below, the Debtor's Motion to Reconsider will be denied.

The Debtor, Janet Bell, filed a voluntary petition under Chapter 13 on November 19, 2004. On the same date, she filed a proposed Chapter 13 Plan. That Chapter 13 Plan was confirmed by an Order entered January 24, 2005. Pursuant to Bankruptcy Rule 3002(c), claims bar dates were set as May 18, 2005, for governmental creditors, and April 7, 2005, for all other creditors.

The Debtor did not schedule the IRS as a creditor when she filed her case in November, 2004, and made no provision for the payment of any priority claims in her Chapter 13 Plan. To the contrary, her Chapter 13 Plan affirmatively represented that no priority claims existed. Nevertheless, on July 20, 2007, the IRS filed a proof of claim in the amount of $5,698.84. The proof of claim suggests that $4,376.16 of the claim should be paid as a priority and the balance of $1,322.68 should be treated as unsecured. The attachments to the claim disclose that the basis for the claim is unpaid income taxes for the period ending December 31, 2002.

On July 25, 2007, the Chapter 13 Trustee filed his Motion to Amend Chapter 13 Plan seeking permission to pay the IRS claim. The Trustee's Motion did not explain the impact that allowing payment to the IRS might have on payments previously proposed to be made to other creditors, and cited no statutory or case law authority for the requested relief. A hearing was scheduled on the Motion for September 7, 2007. At that hearing, the Debtor's attorney appeared

and voiced support for the Trustee's Motion.  When questioned by the Court about whether there was any legal authority for the requested relief, the Trustee acknowledged that he knew of none, and the Debtor's attorney requested an extension of time to find and submit authority to the Court.  The Court granted the Debtor's attorney 30 days to submit a brief in support of the Trustee's Motion.

On October 11, 2007, the Debtor filed Debtor's Authority for Internal Revenue Service to File a Late Priority Claim.  In that pleading, the Debtor suggested that §726(a)(2)(c) provides the authority for the allowance of the IRS's late-filed priority claim and for the payment of that claim through the Debtor's previously confirmed Chapter 13 Plan.  The Debtor provided no explanation of why §726(a)(2)(c) would apply in a Chapter 13 case, and cited no cases in support of her position.

On December 5, 2007, this Court entered an Order denying the Trustee's Motion to Amend Chapter 13 Plan.  In that Order, this Court relied on its recent decision in In re Plummer, 378 B.R. 569 (Bankr. C.D. Ill. 2007).  In Plummer, this Court held, *inter alia*, that, absent specific statutory authority, late-filed claims cannot be allowed.  Id. *at* 574.

The Debtor has now filed a Motion to Reconsider the denial of the Trustee's Motion to Amend.  In her Motion to Reconsider, the Debtor again cites §726(a) as her authority, but again fails to

-3-

explain what relevance this provision has to the Chapter 13 issues before this Court.  Further, the Debtor asserts that <u>Plummer</u> is distinguishable and should not have formed a basis for denial of the Trustee's Motion.  Although the Debtor cited no authority for filing the Motion to Reconsider, this Court will take the Motion as a motion to alter or amend brought pursuant to Fed.R.Civ.P. 59(e), as made applicable to these proceedings by Fed.R.Bankr.P. 9023.

Section 726 provides guidelines for the distribution of a Chapter 7 estate by a Chapter 7 trustee, and does provide authority for certain late-filed claims to be paid with timely-filed claims in a Chapter 7 distribution.  However, §726 provides no guidance on how a Chapter 13 plan should be interpreted, and does not control whether late-filed claims not provided for in a Chapter 13 plan may be paid by a Chapter 13 trustee.  Further, §103(b) specifically provides that subchapters I and II of Chapter 7 - which include §726 - only apply in Chapter 7 cases.  11 U.S.C. §103(b).  Simply put, §726 does not apply in Chapter 13 cases, and has nothing to do with the issues before this Court in this case.  *See* <u>In re Lang</u>, 196 B.R. 528, 530 (Bankr. D. Ariz. 1996); *see also* <u>In re Greenig</u>, 152 F.3d 631, 633 *fn. 3* (7th Cir. 1998) (§726 applies only in Chapter 7 cases and is inapplicable to the consideration of whether a late-filed claim may be allowed in a chapter 12 case); <u>In re Ray Brooks Machinery Co., Inc.</u>, 113 B.R. 56, 64 (Bankr. M.D. Ala. 1989), *aff'd* 113 B.R. 66 (M.D. Ala. 1989); *aff'd sub nom* <u>Bucyrus</u>

Const. v. McGregor, 898 F.2d 159 (11th Cir. 1990) (§726 does not apply in Chapter 11 cases.)

Just as the Debtor's reliance on §726 is misplaced, the Debtor's attempt to distinguish the holding in Plummer cannot succeed. In Plummer, this Court found that Bankruptcy Rule 3002(c) sets the deadlines for the filing of proofs of claim in Chapter 13 cases. Plummer, 378 B.R. *at* 573. Governmental claims must be filed within 180 days from the entry of the order for relief, and that deadline may only be extended if a governmental unit makes a motion for an extension of time before the originally set date passes. Fed.R.Bankr.P. 3002(c)(1). Here, the IRS did not make a motion for an extension of time. When a proof of claim is not timely filed and none of the exceptions of Rule 3002(c) applies, the late-filed proof of claim is statutorily barred. Greenig, 152 F.3d *at* 633. Lack of notice of the case filing and the claims bar date is not one of the exceptions set forth in Rule 3002(c). The IRS's late-filed claim is barred and cannot be allowed. However, the IRS is not without remedy. Because the IRS was not "provided for" in the Debtor's confirmed Chapter 13 Plan, the Debtor's obligation to the IRS will not be discharged when the Debtor completes her Plan payments. *See* Plummer, 378 B.R. *at* 572.

In Plummer, this Court also found that a confirmed Chapter 13 plan may only be modified for the exclusive purposes set forth in §1329(a). Thus, post-confirmation amendments to Chapter 13 plans

-5-

to add and provide for payment of previously omitted creditors are not permitted. Id. *at* 574-75. Here, although not spelled out in detail, the proposed amendment by the Chapter 13 Trustee would have the effect of adding an entirely new class of creditors to the confirmed Plan. That is not one of the purposes for amending a plan provided for in §1329(a) and, accordingly, cannot be permitted here. *See* 11 U.S.C. §1329; In re Witkowski, 16 F.3d 739, 745 (7th Cir. 1994).

The IRS's late-filed claim brings to light a previously unnoticed problem with the continuation of the Debtor's case. The Debtor acknowledges that the IRS claim is valid - she affirmatively seeks to have it paid through her Chapter 13 Plan. If, in fact, the Debtor owed this priority claim when she filed - and it appears that she did - then the confirmation of her Chapter 13 Plan, which failed to provide for the payment in full of all priority claims, should not have occurred. The Seventh Circuit has held that bankruptcy courts lack authority to confirm plans which do not comply with the mandatory requirements for plan confirmation as set forth in §1322(a). Section 1322(a)(2) requires that a plan provide for the full payment of priority claims unless the holder of the claim agrees to a different treatment of such claim. 11 U.S.C. §1322(a)(2). Confirmation orders entered in violation of this provision are "nugatory." In re Escobedo, 28 F.3d 34, 35 (7th Cir. 1994).

The Debtor has not had an opportunity to consider the effect of <u>Escobedo</u> on the continuation of her case.  Accordingly, this Court will not summarily dismiss the case, as might be required by <u>Escobedo</u>, but will grant the Debtor a further hearing to consider how the case should proceed, if at all.  For the reasons set forth above, the Debtor's Motion to Reconsider is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###